(81 South. 343)

**WILEY v. STATE. (3 Div. 340.)**

(Court of Appeals of Alabama. March 18, 1919.)

BURGLARY ⊕2—LARCENY ⊕6 — PROPERTY SUBJECT—INTERSTATE SHIPMENT OF LIQUOR.

An interstate shipment of whisky had a legal value in Alabama, and contention that defendant cannot be convicted of breaking into freight cars where liquor was being kept or under larceny count will be overruled.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Charlie Wiley was convicted of burglary and grand larceny, and appeals. Affirmed.

William R. Brassell and Brassell & Brassell, all of Montgomery, for appellant.

Emmett S. Thigpen, Atty. Gen., for the State.

SAMFORD, J. [1] The burglary complained of was from a railway freight car, containing an interstate shipment of whisky, and the point is made that, under the laws of this state, whisky cannot be sold, and hence has no value, and, having no value, the defendant could not be convicted of breaking into a freight car where whisky was kept for storage, transportation, etc. It is also insisted that, as whisky has no value, defendant could not be convicted under the larceny count. The witness Morgan testified that the 15 half pints of Red Top whisky taken from the car were worth $45, and no witness testified to the contrary. This was objected to on the ground that whisky has no legal value in Alabama. What would be the result if the whisky was shipped to a point in Alabama we do not decide, but, it being shown that the car of whisky was an interstate shipment, the possession of the whisky was not unlawful, and its value was not destroyed.

There is no merit in the contention that Morgan could not testify as to the value of the whisky in Louisville. This was brought out by the defendant on cross-examination as to the witness' judgment as to what the whisky was worth in Alabama.

There is no error in the record, and the judgment is affirmed.

Affirmed.